UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHARLES KENNETH McLEOD,           )
                                  )
        Plaintiff,               )  Case No. 1:07-cv-584
                                  )
v.                                )  Honorable Paul L. Maloney
                                  )
TODD STEPHENS et al.,             )
                                  )
        Defendants.              )
_____)

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Austin, Corwin, Hogg, Badovinac, Donnelly, Vanderheide, Fuller, Pietroski and two unknown parties. The Court will order service of the complaint against Defendants Stephens and Behl.

**Discussion**

I.        Factual allegations

Plaintiff is currently incarcerated in Hiawatha Correctional Facility, but his claims arise from the circumstances surrounding his arrest and prosecution. Plaintiff sues officers and employees of the Missaukee County Sheriff's Department Todd Stephens, Jason Behl and Mike Austin. Plaintiff sues Chief Circuit Court Judge Charles D. Corwin for the 28th Circuit Court, 84th District Court Judge David A. Hogg, defense attorney Anthony Badovinac, prosecuting attorney William J. Donnelly, Jr., Court Administrator Julie A. Vanderheide, John Fuller, David Pietroski and two unknown parties.

Plaintiff makes numerous allegations of Defendants' misconduct during his arrest, prosecution and sentencing related to his current conviction. Plaintiff makes general allegations that "officers/prosecutors/magistrates/judges and probation department did falsify government documents, and allowed fraud in the court, and in due process, and allowed outside information in a court proceeding." (Compl. at 5, docket #1.)

On June 1, 2005, Plaintiff was arrested for drinking and driving by Defendant Stephens. Plaintiff makes numerous allegations that he was denied due process because he was not given any test to determine his blood alcohol level until hours after his arrest and was not shown the results of the test, that he was falsely imprisoned and maliciously prosecuted by the Defendants. (Compl. at 2-3.) Plaintiff alleges that Defendants Stephens and Behl used excessive force in violation of the Eighth Amendment during Plaintiff's arrest and initial detention. Plaintiff alleges that, while Plaintiff was getting out of the patrol vehicle, Defendant Stephens reached in and gave Plaintiff's leg a "hard yank." (*Id.* at 9.) Plaintiff further alleges Defendant Stephens threw Plaintiff

onto the floor and put his foot on Plaintiff's head and "was almost standing on the side of [Plaintiff's] head with all of his weight" while Defendant Behl removed Plaintiff's shoes. (*Id.*)

Plaintiff alleges that during his preliminary hearing before Defendant Judge Corwin, Defendant Stephens testified that a breathalyzer test was not administered. Defendant Stephens changed his testimony and remembered that a breath test had been given after Defendant Donnelly read Defendant Stephens' prior statement that a test had been administered. (Compl. at 10-11.) Plaintiff alleges that he told his attorney that he wanted to "take it to trial." (*Id.* at 11.)

Plaintiff also makes vague allegations that he accepted a Cobbs Agreement[1] at the time he pled guilty. (*Id.* at 11.) Plaintiff further alleges that his attorney Defendant Badovinac asked Plaintiff if he wanted to ask to be placed in bootcamp and Plaintiff said "yes. [But he] was not aware that [he] was doing time for crimes that [he] had already served for under double jeopardy." (*Id.*)

Plaintiff also alleges that Judge Corwin violated his constitutional rights in considering a prior criminal sexual conduct arrest during Plaintiff's sentencing and not sending Plaintiff to "bootcamp." (*Id.* at 11-12.) Plaintiff alleges that Judge Hogg violated his constitutional rights by denying Plaintiff's motion to be placed in "bootcamp." (*Id.* at 12.)

Plaintiff requests "judgment against Defendants jointly and severally for compensatory damages . . . in excess of Seven Hundred and Fifty Million Dollars, plus cost for incarceration, and interest fees." (Compl. at 6.)

---

[1] A "Cobbs plea agreement" allows a defendant to enter a conditional guilty plea which can be withdrawn if a judge's eventual sentence falls outside sentencing terms specified by the judge before the plea was tendered. *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993).

      II.      <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      **A.**      **Immunity**

            *i.*      *Judicial Immunity*

Plaintiff claims that Judges Corwin and Hogg conspired with the prosecuting attorneys and officers to deprive Plaintiff of his constitutional rights. (Compl. at 2.) Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that sentencing Plaintiff was a judicial act and that Judges Corwin and Hogg were acting within their respective jurisdictions in doing so. Accordingly, Judges Corwin and Hogg are absolutely immune from liability. Because Judges Corwin and Hogg are clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii).

### ii. Prosecuting Attorney

The prosecutor is also entitled to absolute immunity for his actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, prosecuting Plaintiff and asking questions of a witness in a criminal trial is part

of the prosecutor's role as an advocate.  Accordingly, William J. Donnelly, Jr. is entitled to immunity.

### B. Claims are Heck-barred

The majority of Plaintiff's claims challenge his prosecution and resulting incarceration by the State of Michigan.  Plaintiff claims that he was wrongfully arrested and detained, that "two or more Defendants" "allow[ed] fraud in the court" and a "malicious prosecution" by initiating a criminal prosecution against him.  Plaintiff further alleges that "two or more Defendants" conspired to deprive Plaintiff of his constitutional rights during his arrest, prosecution and sentencing, including "Plaintiff's right to be free from unreasonable search of his person . . . illegal corporal punishment, the excessive use of physical force, slander, criminal (culpable negligence, obstruction of justice, civil disorder, unjust enrichment, aggravating circumstances and the loss of liberty without the due process of law."  (Compl. at 3, 4.)

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.  *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

- 7 -

In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his claims challenging his prosecution and incarceration are barred under *Heck* until his criminal conviction has been invalidated.

### C. Excessive Force Claim

Plaintiff's complaint does state a cognizable claim against Defendants Stephens and Behl for use of excessive force. Therefore, an order for service of Plaintiff's complaint against Defendants Stephens and Behl on the limited claim of excessive force will issue.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Austin, Corwin, Hogg, Badovinac, Donnelly, Vanderheide, Fuller, Pietroski and two unknown parties will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Stephens and Behl.

An Order consistent with this Opinion will be entered.


Dated:   December 14, 2007           /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge