UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KENNETH MCLEOD #514119,

    Plaintiff,                                    Hon. Paul L. Maloney

v.                                                  Case No. 1:07-cv-00584

TODD STEPHENS, et al.

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

On April 3, 2008, the Court entered an order setting a Rule 16 Scheduling Conference in this matter for May 2, 2008 (Dkt. 19).  The next day, a copy of the order was sent to Plaintiff Charles Kenneth McLeod #514119 at the address on file with the Clerk of Court.  Several days later, the copy of the order sent to Plaintiff was returned as undeliverable, marked "Paroled/Discharged 3/25/08" and "unable to forward"  (Dkt. 20).

On May 2, 2008, at the scheduled time for the conference, the court and counsel for Defendant were present by telephone but Plaintiff did not contact the court.  The court noted Plaintiff's non-appearance on the record and stated that a Report and Recommendation would issue that the matter should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. L.Civ.R. 41.1.  Local Rule 41.1 states in pertinent part, "Failure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution."

As such, the undersigned hereby recommends that this matter be dismissed pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. L.Civ.R. 41.1 for want of prosecution and failure to comply with the rules and orders of this court. Timely objections to this Report and Recommendation shall be considered Plaintiff's opportunity to show cause why this matter should not be dismissed.

Respectfully submitted,

Date:  May 2, 2008

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

-2-